Richard/ Maria Shupe , Pro Se
3657 S Double Echo Rd
Tucson, AZ 85735
520-578-6400



# IN THE UNITED STATES DISTRICT COURT
## COUNTY OF PIMA, STATE OF ARIZONA

**CIV13- 19 TUC CKJ**

| | |
|---|---|
| Richard/ Maria Shupe<br>Plaintiff's | Case No._____ |
| v. | **COMPLAINT FOR:**<br>**VIOLATION OF 47 U.S.C. 227** |
| Bank of America,<br>National Association<br>Defendant | **VIOLATION OF A.R.S. 44-1282**<br>**INVASION OF PRIVACY**<br>**HARASSMENT**<br>**INTENTIONAL INFLICTION OF**<br>**EMOTIONAL/ PHYSICAL**<br>**DISTRESS** |

**Comes** now the Plaintiff's in the above entitled action, and herein file their complaint against the Defendant for violation of 47 U.S.C. 227 (Telephone Communications Protection Act), hereinafter named the TCPA; violation of A.R.S. 44-1282 Arizona State Telemarketing Statute; Invasion of Privacy ( Intrusion upon Seclusion); Harassment; and Intentional Infliction of Emotional/ Physical Distress.

1

**JURISDICTION:**

This Court has jurisdiction because this complaint raises questions under federal law, namely 47 U.S.C. 227 and pursuant to 28 U.S.C. 1331. This Court has jurisdiction over remaining state law claims under 28 U.S.C. 1367 and 1441(c). Further this claim seek damages of at least $150,000.00 dollars. All of the Defendant's wrongful acts ledged by Plaintiff's, occurred in Pima County, Arizona.

**STATEMENT OF CLAIMS:**

This action arises from the Defendant's willful violations of the TCPA, A.R.S, 44-1282, Invasion of Privacy, Harassment, and Intentional Infliction of Emotional/ Physical Distress.

**PARTIES:**

Plaintiff's Richard/ Maria Shupe are natural person whom reside in Pima County, Arizona.

Defendant is a corporation who's incorporated in the state of Arizona.

**FACTUAL BACKROUND:**

The Defendant started marketing it's products to the Plaintiff's via the Plaintiff's residential telephone. Prior to the Defendant making said calls to

2

the Plaintiff's, the Plaintiff's had placed their telephone number on the National Do Not Call List, hereinafter named the DNCL. In Sept. of 2011, the Plaintiff's sent the Defendant a demand letter informing the Defendant to cease communications, follow by a second letter the same. The Defendant ignored the Plaintiff's notices and continued to call the Plaintiff's fifty-six times using auto/ predictive dialing systems.

**COMPLAINT:**

1) This complaint has been filed within applicable time statutes.

2) The Defendant called the Plaintiff's home telephone in excess of fifty times without authorization from Plaintiff's.

3) The Defendant ignored Plaintiff's notices not to call their residential telephone.

4) The Defendant violated 47 USC 227 by calling Plaintiff's telephone using auto/ predictive dialing systems.

5) The Defendant violated A.R.S. 44-1282 by calling Plaintiff's residential telephone to market it's products/services.

6) The Defendant by calling the Plaintiff's residential telephone invaded the privacy of the Plaintiff's home while Plaintiff's were secluded within said home.

7) The Defendant willfully and knowingly harassed the Plaintiff's through their repeated phone calls after being told not to call the Plaintiff's home telephone.

8) The Defendant by making said calls to Plaintiff's purposefully cause intentional infliction of emotional / physical distress to Plaintiff's.

9) The Defendant aggravated a medical condition of Plaintiff Maria Shupe.

10) The Defendant's violations of the TCPA/A.R.S. 44-1282 invasion of privacy (intrusion upon seclusion), harassment, and intentional infliction of emotional and physical distress was done willfully and knowingly by the Defendant.

**CAUSES OF ACTIONS:**

**COUNT I: VIOLATION OF THE 47 U.S.C. 227**

The Plaintiff's herein incorporates by reference all of the paragraphs of this complaint as though fully stated herein.

The Defendant, using auto/predictive dialing systems called the purposefully, knowingly, and willfully violated the TCPA.

The Defendant twice ignored Plaintiff's notice to cease communications.

## COUNT II: VIOLATION OF A.R.S. 44-1282

The Plaintiff's herein incorporates by reference all of the paragraphs of this complaint as though fully stated herein.

The Defendant purposefully violated Arizona's Telemarketing statute by calling a telephone number on the national DNCL to market their products and services.

## COUNT III: INVASION OF PRIVACY ( INTRUSION UPON SECLUSION)

The Plaintiff's herein incorporates by reference all of the paragraphs of this complaint as though fully stated herein.

The Defendant willfully and knowing invaded the privacy of the Plaintiff's home in violation of Arizona's State Constitution Art. II , section 8. ( "No person shall be disturbed in his private affairs")

## COUNT IV: HARASSMENT

The Plaintiff's herein incorporates by reference all of the paragraphs of this complaint as though fully stated herein.

The Defendant having been notified twice by the Plaintiff's not

to call, ignored said notices and purposefully, knowingly and willfully invaded the privacy of the Plaintiff's.

## COUNT V: INTENTIONAL INFLICTION OF EMOTIONAL AND PHYSICAL DISTRESS.

The Plaintiff's herein incorporates by reference all of the paragraphs of this complaint as though fully stated herein.

The Defendant having been informed not to call the Plaintiff's residential telephone, ignored said notices and continued to call Plaintiff's purposefully causing intentional infliction of emotional and physical distress to Plaintiff's.

**PRAYER FOR RELIEF:**

**COUNT I: VIOLATIONS OF THE TCPA**

The Defendant called the Plaintiff's residential telephone in excess of fifty times using auto/predictive dialing equipment. The Defendant having been informed twice not call the Plaintiff's telephone made said calls knowingly and willfully . The Plaintiff's seek statutory damages of $1,500.00 per violation of the TCPA by the Defendant. The Plaintiff's seek compensatory damages to be determined at the time of trial.

## COUNT II: VIOLATION OF A.R.S. 44-1282

The Defendant purposefully violated Arizona ARS 44-1282. The Plaintiff's seek $1000.00 per violation in addition to the TCPA claims as per statute. The Plaintiff's seek compensatory damages to be determined at the time of trial.

## COUNT III: INVASION OF PRIVACY ( INTRUSION UPON SECLUSION), 56 COUNTS.

The Defendant purposefully, willfully, and knowingly invaded the privacy of the Plaintiff's 56 times. Plaintiff's seek compensatory damages in an amount of the damage award for the Defendant's violation of the TCPA. Plaintiff's seek punitive damages in an amount to be determined at the time of trial.

## COUNT IV: HARASSMENT

The Defendant purposefully, and repeatedly harassed the Plaintiff's. The Plaintiff's seek compensatory and punitive damages in an amount to be determined at the time of trial.

## COUNT V: INTENTIONAL INFLICTION OF EMOTIONAL AND PHYSICAL DISTRESS; 56 COUNTS.

The Defendant's conduct was without justification or exception and was outrageous as defined by law.

The Plaintiff's seek compensatory and punitive damages on each count to be determined at the time of trial.

**IN ADDITION:**

In addition to all damages received under counts 1-V; Plaintiff's seek all cost of litigation of this action, reasonable attorney fees, and other amounts the court deems proper. Plaintiff's seek pre-judgment interest.

**PLAINTIFF'S SEEK TRIAL BY JURY**

Respectively submitted this 10th day of January, 2013.

_____            _____
Richard Shupe                                        Maria Shupe
3657 S Double Echo Rd
Tucson, AZ 85735
520-578-6400