**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Richard and Maria Shupe,<br><br>  Plaintiffs,<br><br>vs.<br><br>Bank of America, National Association,<br><br>  Defendant. | CV 13-019-TUC-JR<br><br>REPORT & RECOMMENDATION |

Pending before the Court is Plaintiffs Richard and Maria Shupe's Motion to Amend Complaint (Doc. 80). Defendant Bank of America, National Association ("BANA") filed a response (Doc. 91). The Plaintiffs did not reply. As the decision on this motion is dispositive to the claims the Plaintiffs propose to add by amendment, the motion will be addressed by Report and Recommendation. For the reasons explained below, the Magistrate Judge recommends that the District Court, after conducting an independent review of the record, deny the motion.

1

I.     Background

The Court's jurisdiction over this action arises from the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. *See Mims v. Arrow Financial Services, LLC*, -- U.S. --, 132 S.Ct. 740 (2012). In the original complaint, in addition to claims made under the TCPA, the Plaintiffs alleged claims for invasion of privacy, harassment, intentional infliction of emotional and physical distress, and claimed that the Defendant violated A.R.S. § 44-1282, which prohibits certain intrastate telemarketing solicitations (Doc. 1). The complaint specifically alleged that the Defendant ignored the Plaintiffs' notices not to call their residential telephone number by using predictive dialing systems to call them on more than 50 occasions.

On March 4, 2013, the Plaintiffs filed a notice that they were withdrawing their claims for harassment and intentional infliction of emotional and physical distress (Doc. 19).

In its entirety, the motion to amend now before the Court states:

> Come now the Plaintiffs in the above entitled action and seek leave of the court to amend their complaint. The Plaintiffs amended complaint differs in that it adds the claim of Negligence; revised content of complaint; and changes the prayer for relief.

*Motion*, p. 1. However, the lodged proposed Amended Complaint (Doc. 81) includes not only a new claim of negligence and an amended prayer for relief, but also alleges the previously withdrawn claim for harassment.

. . . .

. . . .

2

II. Discussion

Pursuant to Fed. R. Civ. P. 15(a)(2), when it does not qualify to amend a pleading as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." "Five factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004). "Not all of the factors merit equal weight. As this circuit and others have held, it is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

Three of the five factors to be considered require little analysis. The Plaintiffs have not previously amended the complaint and the Defendant does not argue that the Plaintiffs are acting in bad faith or that the proposed amendment is futile. Thus, those three factors support the proposed amendment. However, the Court agrees with the Defendants that the remaining factors, undue delay and prejudice, require denial of leave to amend.

    A. **Undue Delay**

"Relevant to evaluating the delay issue is whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading." *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1388 (9th Cir. 1990) (citations omitted). Here, the Plaintiffs have offered nothing to support a finding that the

proposed amendments are based on facts or theories that were previously unknown. As quoted above, the motion merely requests leave to amend and notes the proposed additions. The Plaintiffs do not indicate what motivated them to now seek to add the claim of negligence. Moreover, as the Defendant points out, the Plaintiffs agreed that any proposed amendments to the complaint would be submitted by July 30, 2013 (Doc. 23). More than nine months have passed since that agreed upon deadline, and the Plaintiffs have offered no explanation for their delay. As such, this factor supports denial of the motion for leave to amend.

### B. Prejudice

The Ninth Circuit has held that prejudice may effectively be established by demonstrating that a motion to amend was made after the cutoff date for such motions, or when discovery had closed or was about to close. *See, e.g., Zivkovic v. Southern Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (affirming denial of plaintiff's motion for leave to amend where proposed amendment would have added additional causes of action which would have required further discovery and discovery was set to close five days after motion to amend was filed); *Solomon v. North Am. Life & Cas. Ins. Co.*, 151 F.3d 1132, 1139 (9th Cir. 1998) (affirming the denial of leave to amend where the motion was made "on the eve of the discovery deadline" and "[a]llowing the motion would have required re-opening discovery, thus delaying the proceedings").

After a number of extensions, the parties in this action are less than one month from the discovery deadline and the Defendant has conducted the depositions of the

Plaintiffs. Allowing for an unexplained and unjustified amendment of the complaint at this juncture would likely require another extension of the discovery deadline, duplicate discovery efforts and further delay an already much-delayed case. The prejudice the Defendant would face at this late stage of the case from having to conduct discovery on a new claim and on a claim that was previously withdrawn weigh heavily against granting leave. This consideration, particularly when coupled with the Plaintiffs' unexplained delay, supports the denial of the motion.

### III.     Recommendation

Based on the foregoing, the Magistrate Judge **recommends** that the District Court, after its independent review, **deny** Plaintiffs Richard and Maria Shupe's Motion to Amend Complaint (Doc. 80).

The parties shall have 14 days from the date of service of a copy of this recommendation within which to file specific written objections with the District Court. See 28 U.S.C. § 636(b)(1) and Rules 72(b), 6(a) and 6(e) of the Federal Rules of Civil Procedure. Thereafter, the parties have 14 days within which to file a response to the objections. Replies shall not be filed without first obtaining leave to do so from the District Court. If any objections are filed, this action should be designated case number: CV 13-019-TUC-JGZ. Failure to timely file objections to any factual or legal determination of the Magistrate Judge may be considered a

. . . .

. . . .

5

waiver of a party's right to de novo consideration of the issues.  *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

Dated this 15th day of May, 2014.

Jacqueline M. Rateau
United States Magistrate Judge