Bryan Cave LLP
Two North Central Avenue, Suite 2200
Phoenix, Arizona 85004-4406
(602) 364-7000

BRYAN CAVE LLP, 00145700
Sean K. McElenney, 016987
Coree E. Neumeyer, 025787
Eric M. Moores, 028280
Two N. Central Avenue, Suite 2200
Phoenix, AZ 85004-4406
Telephone: (602) 364-7000
Facsimile: (602) 364-7070
E-mail: skmcelenney@bryancave.com
coree.neumeyer@bryancave.com
moorese@bryancave.com

Attorneys for Defendant Bank of America, N.A.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Richard and Maria Shupe,

Plaintiffs,

v.

Bank of America, N.A.,

Defendant.

No. CV 13-00019-JGZ-JR

**BANK OF AMERICA, N.A.'S MOTION FOR SUMMARY JUDGMENT**

(Hon. Jacqueline Rateau)

The Court should enter summary judgment for Defendant Bank of America, N.A. ("BANA") because Plaintiffs Richard and Maria Shupe (the "Shupes") cannot prove the elements of any cause of action. The Shupes lack valid evidence that BANA made each of the alleged calls, nor have they provided support for their claim that any of the calls were made for telemarketing purposes. There is no material evidence against BANA in this case, and the Court should enter summary judgment for BANA.

## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

## I. FACTS

### A. Shupes' Multiple Lawsuits.

The Shupes are have filed several lawsuits in both federal and state court, including several involving telemarketing claims. [Statement of Facts ("SOF"), at ¶ 2] In fact, a

Bryan Cave LLP
Two North Central Avenue, Suite 2200
Phoenix, Arizona 85004-4406
(602) 364-7000

defendant in a telemarketing-related matter in the Pima County Superior Court recently filed a motion seeking to declare them vexatious litigants. [SOF, at ¶ 1]

**B. Background.**

The Shupes obtained a mortgage loan from BANA in 2010 to purchase their current residence, 3657 Double Echo Road, Tucson, Arizona. [SOF, at ¶ 3] The Shupes currently have a credit card with BANA. [SOF, at ¶ 4]

In 2006, a third party—who is not a named party in this action—applied for and received a mortgage from BANA. [SOF, at ¶ 4] On his loan application, he listed the telephone number 520-578-6400 as his work contact number. [SOF, at ¶ 4] This third party later fell behind on his loan payments and defaulted on his loan. [SOF, at ¶ 5] During 2011, BANA attempted to contact this third-party in an effort to discuss programs that may have been available to prevent foreclosure. [SOF, at ¶ 5] The Shupes acquired the number 520-578-6400 sometime in 2010. [SOF, at ¶ 6] However, BANA was never informed by the third party that this number was no longer his work contact number. [SOF, at ¶ 5] Thus, in its efforts to contact this third party, BANA attempted to contact him via the phone numbers he had provided to the bank, including 520-578-6400. [SOF, at ¶ 5]

The Shupes claim BANA made 56 calls to their residential phone number—520-578-6400—from August to November 2011 in violation of the Telephone Consumer Protection Act ("TCPA"). To support this claim, the Shupes have produced caller-ID images of these 56 calls. [SOF, at ¶ 7] However, they have produced no phone records or other call logs to authenticate the calls. BANA has confirmed that it made only 48 of these calls, and that it did so in an effort to contact the third-party borrower to discuss programs he may be eligible for to avoid foreclosure. [SOF, at ¶ 8] BANA's attempts to contact this third party were made in its efforts to comply with A.R.S. § 33-807.01. [SOF, at ¶ 8]

## II. LEGAL STANDARD

The Shupes bear the burden of pointing to "specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2). Summary judgment should be granted where there is "no genuine issue as to any material fact and that the movant is entitled to judgment as a

BRYAN CAVE LLP
TWO NORTH CENTRAL AVENUE, SUITE 2200
PHOENIX, ARIZONA 85004-4406
(602) 364-7000

matter of law." Fed. R. Civ. P. 56(c). "Rule 56(c) mandates entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986) (affirming summary judgment against plaintiff who failed to produce evidence supporting wrongful death claim).

"Furthermore, the party opposing summary judgment 'may not rest upon the mere allegations or denials of [the party's] pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial.'" Juarez v. CC Servs., Inc., 434 F. Supp. 2d 755, 758 (D. Ariz. 2006) (quoting Fed. R. Civ. P. 56(e)). "There is no issue for trial unless there is sufficient evidence favoring the non-moving party; if the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Id. (internal quotations and citation omitted).

## III. ARGUMENT

In their Complaint, the Shupes brought claims for (1) Violation of the TCPA (47 U.S.C. § 227); (2) Violation of A.R.S. § 44-1282; (3) and Invasion of Privacy.[1] Each of their three claims is based on alleged telemarketing calls they allege BANA made over the period of August to November 2011. However, BANA's records show that these calls were not made to market any good or services to them, and the Shupes have not provided any evidence to the contrary. [SOF, at ¶ 9] Further, the Shupes have not provided any evidence the calls were made using "an artificial or prerecorded voice." The fact is BANA made the calls in an effort to contact a third-party borrower to discuss programs that may have been available to avoid foreclosure, communications that are required by Arizona law prior to noticing a trustee's sale. [SOF, at ¶ 8] Thus, the Shupes have failed to produce evidence to support their TCPA claim, and BANA is entitled to summary judgment on

[1] The Complaint originally included additional claims for harassment and intentional infliction of emotional/physical distress. However, on March 4, 2013, the Shupes filed notice that they had withdrawn those claims. [Doc. 19]

BRYAN CAVE LLP
TWO NORTH CENTRAL AVENUE, SUITE 2200
PHOENIX, ARIZONA 85004-4406
(602) 364-7000

their first and second causes of action. Further, the Shupes have failed to produce evidence supporting their invasion of privacy claim, and summary judgment in BANA's favor is appropriate as to their third claim, as well. Because their state law claim is also based on a violation of the TCPA, their second cause of action also fails.

**A. The Court Should Enter Summary Judgment On The Shupes' TCPA Claim.**

The Shupes' TCPA claim is based, in part, on their allegation that BANA (1) used "auto/predictive dialing systems" to call their residential phone line, and (2) "ignored Plaintiff's [sic] notice to cease communications." The Shupes have provided no evidence that the calls at issue fall within the TCPA.

**1. The TCPA Does Not Apply To The Calls At Issue Here, As They Were Not Made Using "An Artificial Or Prerecorded Voice."**

When the telephone number that is the subject of a TCPA claim is a residential telephone line, the TCPA only prohibits calls when they are made "using an artificial or prerecorded voice to deliver a message. . . ." 47 U.S.C. § 227(b)(1)(B) ("It shall be unlawful for any person within the United States . . . to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message. . . ."). But the Shupes have never alleged the calls were made using an artificial or prerecorded voice, only that "auto/predictive dialing systems" were used. In fact, Plaintiff Richard Shupe alleges he spoke with BANA representatives. [SOF, at ¶ 10] Further, BANA's records suggest no call ever resulted in a connection or a conversation. [SOF, at ¶ 11] Only three calls indicated a duration that a connection was in even possible—though still unlikely—they were likely not long enough for a BANA representative to describe the purpose of the call, let along attempt to market a product or service. [SOF, at ¶ 11] While BANA disputes that its representatives ever spoke to anyone at the Shupes' number, the fact is the Shupes have never even alleged BANA used prerecorded or artificial voices, which is required to state a claim under the TCPA when the number at issue is a residential line.



762843.1

BRYAN CAVE LLP
TWO NORTH CENTRAL AVENUE, SUITE 2200
PHOENIX, ARIZONA 85004-4406
(602) 364-7000

Indeed, the calls originated from BANA's Mortgage Loss Mitigation department for the purposes of discussing—with the third-party borrower, not the Shupes—the availability of programs that may have been available to avoid foreclosure of that borrower's property. [SOF, at ¶ 8] BANA only uses live callers for such calls, and does not use prerecorded or artificial voices with the phone number the calls allegedly originated from: 1-800-669-0102. [SOF, at ¶ 12] These calls require a live caller, as the programs available to a borrower depend on the unique circumstances of each loan. [SOF, at ¶ 13] BANA simply could not have conducted these calls using an artificial or prerecorded voice.

The TCPA only prohibits calls solely on the basis of "auto/predictive dialing systems" when they are made to a cellular phone, and the Shupes have clearly stated the number at issue is their residential telephone line. Thus, the Shupes cannot successfully allege a TCPA claim given the contents of their Complaint and the evidence they have produced.

**2. The Shupes' TCPA Claim Fails Because The Calls Were Not Telemarketing Calls.**

The calls at issue did not violate the TCPA because they were not telemarketing calls. The TCPA was enacted for the express purpose of protecting the public from aggressive telemarketers, which is not the type of conduct alleged here. Under the TCPA, the term "telephone solicitation" means "initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services[.]" 47 U.S.C. § 227(a)(4). The FCC has created an exemption for a call "made for a commercial purpose but does not include or introduce an unsolicited advertisement or constitute a telephone solicitation." 47 C.F.R. § 64.1200(a)(2)(iii). Other than through mere speculation and unfounded assumptions, the Shupes cannot dispute that the calls were not made for marketing purposes. BANA did not make any calls to the Shupes "to encourage them to purchase, rent, or invest in any property, goods, or services," and the Shupes have not provided evidence to show otherwise.

BRYAN CAVE LLP
TWO NORTH CENTRAL AVENUE, SUITE 2200
PHOENIX, ARIZONA 85004-4406
(602) 364-7000

Rather, BANA made the calls to discuss foreclosure alternatives, including potential loan modification, with the third-party borrower. [SOF, at ¶ 8] In fact, it was required to do so under A.R.S. § 33-807.01. In 2012, the FCC acknowledged that loan servicers were required to contact some borrowers to offer home loan modifications and refinancing in order to comply with the American Recovery and Reinvestment Act, which established certain outreach requirements for lenders in an effort to prevent foreclosures. See 12 U.S.C.A. ¶ 5201 et seq. Similarly, A.R.S. § 33-807.01 contains a similar requirement, compelling loan servicers to contact borrowers regarding foreclosure alternatives before noticing a trustee's sale. The FCC concluded that calls made by a loan servicer for the purpose of discussing loan modification and refinance issues "are not solicitation calls and do not introduce an unsolicited advertisement." In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991, 27 F.C.C.R. 1830, 1841 ¶ 28 (2012). Here, BANA attempted to contact the third-party borrower to discuss foreclosure alternatives, as it was required to do before conducting a trustee's sale, and its efforts to contact that borrower were not solicitation calls and did not introduce any unsolicited advertisement.

Further, the FCC has explicitly stated calls related to debt collection will be "covered by exemptions . . . for commercial calls which do not transmit an unsolicited advertisement." In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991, 7 F.C.C.R. 8752, 8772, ¶ 39 (1992). In 2008, the FCC again confirmed that "'calls solely for the purpose of debt collection are not telephone solicitations . . .' and 'calls regarding debt collection ... are not subject to the TCPA's separate restrictions on 'telephone solicitations.' " See Meadows v. Franklin Collection Serv., Inc., 414 Fed. App'x 230, 236 (11th Cir. 2011) (citing In Re Rules and Regulations Implementing the TCPA of 1991, 23 F.C.C.R. 559, 565, ¶ 11 (2008)). Here, BANA initiated the calls regarding the debt owed by the third-party borrower; they were not made to transmit an unsolicited advertisement.

BRYAN CAVE LLP
TWO NORTH CENTRAL AVENUE, SUITE 2200
PHOENIX, ARIZONA 85004-4406
(602) 364-7000

The calls at issue originated from BANA's Mortgage Loss Mitigation department, which is tasked with calling borrowers who have fallen behind on their mortgage to discuss loan modification programs and foreclosure alternatives. [SOF, at ¶ 15] BANA does not conduct telemarketing campaigns from this number. [SOF, at ¶ 15] The Shupes have not produced any evidence to support their claim that the calls at issue were telemarketing calls. On the contrary, BANA's records indicate the calls were initiated in an attempt to discuss foreclosure alternatives with the third-party borrower, as it was required to do prior to foreclosure. Without evidence to support their claim that the calls were telemarketing calls, they are not subject to the TCPA.

**B. The Court Should Enter Summary Judgment On The Shupes' Claims Under Arizona's Telemarketing Statute.**

Arizona's telemarketing law, which prohibits solicitors to initiate telephone calls to numbers entered in the national do-not-call registry, expressly allows calls "that would be permitted by federal law or regulation relating to interstate telephone solicitation." A.R.S. §44-1282 (A) & (B). Thus, if the Shupes' TCPA claim fails, their claim under the Arizona statute automatically does. Further, the Arizona law applies only to *intrastate* calls, but the Shupes have not offered evidence to support that the calls originated from within the state. For either reason, or both, the Arizona claim should be dismissed.

**C. The Court Should Enter Summary Judgment On The Shupes' Invasion of Privacy Claim.**

Under Arizona law, "[i]n order to constitute an invasion of the right of privacy, an act must be of such a nature as a reasonable man can see might and probably would cause mental distress and injury to anyone possessed of ordinary feelings and intelligence, situated in like circumstances as the complainant; and this question is to some extent one of law." Reed v. Real Detective Publishing Co., 63 Ariz. 294, 305, 162 P.2d 133, 139 (1945) (citation omitted).

The Arizona Supreme Court has recognized the invasion of privacy torts laid out in the Restatement (Second) of Torts §§ 652A et seq., which include the tort of intrusion upon seclusion, see Godbehere v. Phoenix Newspapers, Inc., 162 Ariz. 335, 338 (1989), and at

Bryan Cave LLP
Two North Central Avenue, Suite 2200
Phoenix, Arizona 85004-4406
(602) 364-7000

least one Arizona Court of Appeals decision has applied the tort of intrusion upon seclusion. See Hart v. Seven Resorts Inc., 190 Ariz. 272, 279 (Ct.App.1997). Arizona courts generally follow the Restatement in the absence of Arizona authority on an issue. Reed, 63 Ariz. at 306; Campbell v. Westdahl, 148 Ariz. 432 (Ct. App. 1985).

The Restatement suggests the tort of invasion of privacy by an unreasonable intrusion upon the seclusion of another is not likely to include telephone calls such as those at issue here. In general, the tort involves an "interference with the interest of the individual in leading, to some reasonable extent, a secluded and private life, free from the prying eyes, ears and publications of others." Restatement (Second) of Torts § 652A, cmt. b. The Restatement describes the tort as follows:

> The invasion may be by physical intrusion into a place in which the plaintiff has secluded himself, as when the defendant forces his way into the plaintiff's room in a hotel or insists over the plaintiff's objection in entering his home. It may also be by the use of the defendant's senses, with or without mechanical aids, to oversee or overhear the plaintiff's private affairs, as by looking into his upstairs windows with binoculars or tapping his telephone wires. It may be by some other form of investigation or examination into his private concerns, as by opening his private and personal mail, searching his safe or his wallet, examining his private bank account, or compelling him by a forged court order to permit an inspection of his personal documents. The intrusion itself makes the defendant subject to liability, even though there is no publication or other use of any kind of the photograph or information outlined.

Restatement (Second) of Torts, § 652B. However, the Shupes' claims and the evidence provided to support them do not involve this situation. Therefore, this Court should grant summary judgment in BANA's favor.

**Relief Requested**

Because the Shupes have failed to produce evidence to support any of their three claims, this Court should grant summary judgment on all three claims in BANA's favor. BANA also requests that, should the Court grant the Shupes' request to extend discovery [Doc. 118] or to stay the proceedings [Doc. 117], it be permitted to amend this motion, as



additional discovery time may reveal more evidence relevant to this motion and BANA's defenses.

RESPECTFULLY SUBMITTED this 10th day of July, 2014.

BRYAN CAVE LLP

By: s/ Eric M. Moores
Sean K. McElenney
Coree E. Neumeyer
Eric M. Moores
Two North Central Avenue, Suite 2200
Phoenix, Arizona 85004-4406
Attorneys for Defendant

ORIGINAL filed electronically with the Court this 11th day of July, 2014.

COPY of the foregoing mailed on this 11th day of July, 2014 to:

Richard and Maria Shupe
3657 S. Double Echo Road
Tucson, AZ 85735

Plaintiffs Pro Per

s/ Nicole Daley

Bryan Cave LLP
Two North Central Avenue, Suite 2200
Phoenix, Arizona 85004-4406
(602) 364-7000