# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Richard Shupe, et al., | No. CV-13-00019-TUC-JGZ |
| Plaintiffs, | **ORDER** |
| v. | |
| Bank of America NA, | |
| Defendant. | |

Pending before the Court is a Report and Recommendation issued by United States Magistrate Judge Jacqueline M. Rateau that recommends granting Defendant's Motion for Summary Judgment. (Doc. 172.) As thoroughly explained by Magistrate Judge Rateau, Plaintiffs are not entitled to relief under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, because they failed to show that any of the telephone calls made by Defendant were pre-recorded. Plaintiffs are similarly not entitled to relief on their state law claim, under A.R.S. § 42-1282, because calls that are permitted under federal law are expressly permitted under the Arizona statute and therefore are not unlawful. Finally, Plaintiffs failed to present sufficient evidence that would entitle them to relief on their claim for invasion of privacy under Arizona state law. As Plaintiffs' objections do not undermine the analysis and proper conclusion reached by Magistrate Judge Rateau, Plaintiff's objections are rejected and the Report and Recommendation is adopted.

At the time the Report and Recommendation was filed, Plaintiffs' Motion to Compel was pending. (Doc. 144.) Although the Report and Recommendation doesn't

address the pending Motion, the issue of outstanding material evidence is raised by Plaintiffs in their Objection to the Report and Recommendation (Doc. 178) and in their Response to Defendant's Motion for Summary Judgment (Doc. 162). Plaintiffs assert a need for additional time to locate "four individuals who hold material evidence in support of Plaintiffs [sic] claims." Pls.' Resp. to Def.'s Mot. Summ. J. 10/28/14 (Doc. 162) 3:3-5. These individuals include Jose Ascension Sontoyo, the third party previously listed for the Plaintiffs' home phone number, as well as three individuals employed by Defendant who allegedly made calls to Plaintiffs' home number. Although Rule 56(d) does allow for additional discovery while a motion for summary judgment is pending, Plaintiffs have not explained in an affidavit how the "sought-after facts are 'essential' to resist the summary judgment motion." *State of California, on behalf of California Department of Toxic Substances Control v. Campbell*, 138 F.3d 772, 779 (9th Cir. 1998). Locating Mr. Sontoyo is immaterial to the issue of whether the calls were pre-recorded for the purposes of liability under the TCPA. Similarly, the identification of individuals who placed calls to Plaintiffs' home number would only lend further support to the Court's finding that the calls were not in fact pre-recorded and therefore did not violate the TCPA.

Accordingly, IT IS HEREBY ORDERED as follows:

1. The Report and Recommendation (Doc. 172) is accepted and adopted;
2. Plaintiff's Motion to Compel (Doc 156) is DENIED AS MOOT;
3. Defendant's Motion for Summary Judgment (Doc. 129) is GRANTED and this case is dismissed;
4. The Clerk of the Court shall enter judgment accordingly and close the file in this matter.

Dated this 11th day of March, 2015.

_____
Jennifer G. Zipps
United States District Judge